the decree, so that it may conform to the decision intended to be, as expressed in the decree itself, "in all things affirmed."

## Case No. 14,574.

### UNITED STATES v. BENNETT.

[3 Hughes, 466.] 1

District Court, D. Maryland. 1877.

UNITED STATES—JURISDICTION — AMERICAN VESSELS—LAW.

The law of the United States (especially section 5347 of the United States Revised Statutes) follows an American vessel wherever she may be on navigable waters, so that an offence committed on board such vessel is an offence against the United States, though the vessel be in the harbor or river of a foreign country.

[Cited in Ex parte Byers, 32 Fed. 407.]

The defendant [John E. Bennett] was indicted for a violation of the 5347th section of the Revised Statutes, which punishes any officer of any American vessel on the high seas, or on any other waters within the admiralty and maritime jurisdiction of the United States, who, under the conditions as to malice expressed in the section, beats, or imprisons, or inflicts cruel punishment on any of the crew of such vessel. The indictment alleged that the offence was committed on board of the American ship Macauley, on certain waters (other than the high seas) within the admiralty and maritime jurisdiction of the United States, to wit, those of the tidal river called the Garonne, near the city of Bordeaux, in the republic of France. To this indictment the defendant demurred. On the argument of the demurrer it was agreed that at the time of the offence charged the vessel was in river Garonne, lying close and fastened to a wharf built along the bank of the river, which runs past the city, and the wharf in question, as well as all the wharves being built along the river bank.

It was contended by the defendant's counsel: "That the river being in a foreign country the vessel was not on waters within the admiralty and maritime jurisdiction of the United States. That the 5th section of the act of 1825, c. 65 [4 Stat. 115], had been omitted from the Revised Statutes." This section of the act of 1825 provided: "That any offence committed on any American vessel while lying in a place within the jurisdiction of any foreign state by any person belonging to the ship's company or passengers should be cognizable by the proper circuit court of the United States, as if the offence had been committed on board the vessel on the high seas; provided, that if by a proper court of the foreign state the offender had been acquitted or convicted, he should not be again tried by the United States." It was also contended for defendant, that this omission had repealed all law

by which the United States could punish an offence committed upon an American vessel not on the high seas or on an arm of the sea, or on waters within the territory of the United States, but on waters within the territory of a foreign state. The omission of this section of the act of 1825 from the Revised Statutes was admitted.

It was contended for the United States: "That the law of the United States followed persons on board an American vessel wherever she might be on navigable waters, and that the offence in this case was committed on waters within the admiralty and maritime jurisdiction of the United States in this: 'That the waters floating the vessel became within such jurisdiction by virtue of the jurisdiction of the United States over the vessel and her company, and to that extent.' "

Archibald Stirling, Jr., U. S. Atty., for the United States.

W. Fell Giles, Jr., for defendant.

GILES, District Judge, delivered a short oral opinion, in which he concurred with the views of the district attorney, and decided that the offence was within the 5347th section of the Revised Statutes, notwithstanding the omission from the Revised Statutes of the 5th section of the act of 1825, which section he held to be declarative and for greater certainty, and overruled the demurrer.

NOTE. In a similar case tried before me in Baltimore, in March, 1879, while holding court for Judge Giles, I expressed a doubt whether the decision in the foregoing case had not gone too far, but, inasmuch as I was holding the court for Judge Giles, I followed his ruling. [Per Hughes, District Judge.]

## Case No. 14,575.

### UNITED STATES v. BENNITZ.

[See Case No. 1,327.]

## Case No. 14,576.

### UNITED STATES v. BENZ.

District Court, N. D. Illinois. 1868.

INTERNAL REVENUE—INCOME TAX—FALSE RETURN.

Philip Benz was indicted for making a fraudulent return of his income for taxation. It appeared that he had subscribed to a statement that his income was less than $1,000, but, after receiving a "warning," sent at the instigation of his brother, he made a return showing an income of $3,500. Held, that the oath, or even subscription to the return, is not needed to constitute it a fraudulent return; but that, if the party makes a false return, intending it to be acted on by the officers of the government, knowing its contents to be untrue, an indictment will lie.

[Decided by Drummond, District Judge. Nowhere reported; opinion not now accessible. Statement of the point determined was taken from 7 Int. Rev. Rec. 25.]

---

1 [Reported by Hon. Robert W. Hughes, District Judge, and here reprinted by permission.]